John R. Nelson, WSBA #16393
Lori A. Terry, WSBA #22006
**Foster Pepper PLLC**
491 West Riverside Avenue, Suite 1310
Spokane, Washington 99201
Telephone: (509) 777-1604
Facsimile No.: (866) 749-9343
nelsj@foster.com
terrl@foster.com

Hon. Fred L. Van Sickle

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| COMMUNITY ASSOCIATION FOR RESTORATION OF THE ENVIRONMENT,<br><br>Plaintiff,<br><br>v.<br><br>DERUYTER BROTHERS DAIRY, INC.,<br><br>Defendant. | No. CV-08-3028-FVS<br><br>**STIPULATED PROTECTIVE ORDER** |

Plaintiff, Community Association for Restoration of the Environment ("Plaintiff") and Defendant, DeRuyter Brothers Dairy, Inc. ("Defendant"), by and through their attorneys, hereby stipulate and move the Court for entry of this Protective Order, which shall govern the use, dissemination, and disclosure of certain documents and materials described herein and obtained by the parties through discovery in Case No. CV-08-3028-FVS currently pending between the parties. The parties agree as follows:

STIPULATED PROTECTIVE ORDER - 1
Case No. CV-08-3028-FVS

FOSTER PEPPER PLLC
422 WEST RIVERSIDE AVE., SUITE 1310
SPOKANE, WASHINGTON 99201-0302
Phone (509) 777-1604   Fax (866) 749-9343

50972515.1

ORIGINAL

### A. Scope of Order

This Protective Order shall apply to all information, premises, documents, and things owned or controlled by the parties, or of any parents, subsidiaries, divisions, branches, affiliates, related companies, or licensees of any party, or of any other parties added or substituted in this case, that are subject to discovery in this action, including without limitation, testimony adduced at discovery and trial, depositions upon oral examination or upon written questions, answers to interrogatories, documents and things produced, information obtained from inspection of premises or things, and answers to requests for admission (hereafter "Information and Materials").

### B. Definitions

As used in this Order, "Confidential" Information and Materials shall include all Information and Materials that have not been made public, the disclosure of which the disclosing party contends could cause harm to its business operations or provide improper advantage to others. "Confidential" Information and Materials shall include, but shall not be limited to, trade secrets within the meaning of the Uniform Trade Secrets Act and information that concerns or relates to (1) sales, marketing, manufacturing, or research and development, (2) financial performance, (3) manufacturing or other costs of doing business, (4) licenses or other confidential agreements, and/or (5) technical details of products or methods of doing business and Confidential Business Information (CBI) under the federal Clean Water Act (33 USC § 1318(b)(2)), RCW 43.21A.160, and applicable federal and state regulations.

### C. Marking Requirements

1. All Information and Materials deemed "Confidential" will be so identified and labeled by the producing party.

STIPULATED PROTECTIVE ORDER - 2
Case No. CV-08-3028-FVS

FOSTER PEPPER PLLC
422 WEST RIVERSIDE AVE., SUITE 1310
SPOKANE, WASHINGTON 99201-0302
Phone (509) 777-1604  Fax (866) 749-9343

50972515.1

2. If qualified Information and Materials cannot be labeled, they shall be designated as "Confidential" in a manner to be agreed upon by the parties.

3. In lieu of marking the original of a document or thing, if the original is not produced, the designating party may mark the copies that are produced or exchanged, but the other party, by its counsel, shall have the right to examine the original, to be provided with a full and complete copy thereof, and to call for production of the original at the trial in this action. Nothing in this Stipulated Protective Order, however, requires the production of privileged or work-product Information and Materials, or any Information and Materials that are otherwise not subject to discovery.

4. The identification and labeling specified in Paragraphs C.1, C.2, and C.3 of this Order shall be made at the time when the answer to the interrogatory or the answer to the request for admission is served, and when a copy of the document or thing is provided to Plaintiff or Defendant. In the case of hearing and deposition transcript pages, the designating party shall advise opposing counsel of the specific pages to be maintained in confidence within thirty (30) days after the receipt of the transcript. During such thirty (30) day period, the entire transcript shall be deemed "Confidential."

5. If a disclosing party discovers a failure to mark qualified Information or Materials as "Confidential," the other party shall be notified immediately and, to the extent practicable, the following corrective action shall be taken:

    (a) The receiving party shall notify all persons who have received the Information and Materials that the Information and Materials are designated "Confidential" and must be treated as designated in this Order;

STIPULATED PROTECTIVE ORDER - 3
Case No. CV-08-3028-FVS

FOSTER PEPPER PLLC
422 WEST RIVERSIDE AVE., SUITE 1310
SPOKANE, WASHINGTON 99201-0302
Phone (509) 777-1604   Fax (866) 749-9343

50972515.1

(b)  The receiving party shall take all reasonable steps to place the applicable "Confidential" label on the designated Information and/or Materials; and

(c)  The receiving party shall treat the newly marked Information and Materials as set out in Paragraphs F and G of this Order.

**D.  Designating Information and Documents**

1.  In designating Information and Materials as "Confidential," a party will make such designation only as to that information that it in good faith believes to be "Confidential" as defined in Paragraph B of this Order.

2.  If counsel for a party believes that questions put to a witness being examined during a deposition will disclose "Confidential" Information and/or Materials of his or her client, or that the answer to any question or questions requires such disclosure, or if documents to be used as exhibits during the examination contain such information, such counsel shall so notify opposing counsel and the deposition of such witness, or portions thereof, shall be taken only in the presence of appropriate persons as defined in Paragraph F hereof, counsel for the witness, if any, the stenographic reporter, and the owners, officers or employees of the party whose "Confidential" information is being disclosed.

**E.  Redaction**

Redacted versions of "Confidential" materials that no longer contain any "Confidential" information, and that are not subject to this Order, may be used for any proper purpose.

**F.  Access to "Confidential" Information and Materials**

1.  It is the general intent of the parties to limit disclosure to the smallest number of persons, consistent with the needs of litigation.

STIPULATED PROTECTIVE ORDER - 4
Case No. CV-08-3028-FVS

FOSTER PEPPER PLLC
422 WEST RIVERSIDE AVE., SUITE 1310
SPOKANE, WASHINGTON 99201-0302
Phone (509) 777-1604   Fax (866) 749-9343

50972515.1

2. All access, possession, use, testing, inspection, review or copying of any Information or Materials designated as "Confidential" under this Order is governed by this Order and is limited to the following persons ("Qualified Persons"):

(a) The law firm of Foster Pepper PLLC; the law firm of Eymann Allison Hunter Jones, P.S.; and the Western Environmental Law Center, including attorneys, law clerks, stenographic, clerical, and paralegal employees of these firms.

(b) Independent experts or consultants for each party and their clerical personnel, who are not employees of the parties or their parents, subsidiaries, divisions, branches, affiliates, or competitors, (other than specifically for this action), and whose advice and consultation will be used by such party in connection with preparation for trial of this case. However, disclosures to such persons will be allowed only after the conditions set forth in Paragraph F.3 of this Order are satisfied.

(c) United States District Court, Eastern District of Washington, Judges and personnel employed by the United States District Court, Eastern District of Washington.

(d) Clients, to the extent that counsel believes they have an ethical duty to divulge such information for the purpose of giving advice or counsel. Prior to the disclosure of any "Confidential" Information and/or Materials to a client, disclosing counsel shall first obtain from each such client a copy of a signed undertaking as set forth in Exhibit B, including any information requested by Exhibit B.

3. Prior to any disclosure of "Confidential" Information and/or Materials to those parties named in Paragraph F.2.b. of this Order, counsel

STIPULATED PROTECTIVE ORDER - 5
Case No. CV-08-3028-FVS

FOSTER PEPPER PLLC
422 WEST RIVERSIDE AVE., SUITE 1310
SPOKANE, WASHINGTON 99201-0302
Phone (509) 777-1604   Fax (866) 749-9343

50972515.1

desiring to disclose "Confidential" Information and/or Materials of the opposing party ("disclosing counsel") to any person shall obtain from each such person a copy of a signed undertaking as set forth in Exhibit A, including any information requested by Exhibit A.

4. Prior to the disclosure of "Confidential" Information and/or Materials to an owner, officer or employee of any party, disclosing counsel shall first obtain from each such person a copy of a signed undertaking as set forth in Exhibit B, including any information requested by Exhibit B.

5. The parties will attempt to resolve any disagreements about the designation of information and/or materials as "Confidential" on an informal basis before presenting the dispute to the Court by motion or otherwise. If unable to resolve any such disagreements, the objecting party shall file an appropriate motion with the Court. Information and/or Materials designated as "Confidential" shall remain under the protection of this Stipulated Protective Order until there is an order of the Court to the contrary or until there is an express written agreement between the parties. No party shall be obliged to challenge the propriety of a "Confidential" designation at the time of production, and failure to do so shall not preclude a subsequent attack on the propriety of such designation. In any motion for designation of "Confidentiality", it shall be the burden of the party seeking such designation to establish good cause for its need for "Confidentiality." The moving party must support its motion with a clear showing of a particular and specific need for the Confidentiality Order, supported by specific examples of harm that would be suffered because of the disclosure of information.

G. **Handling "Confidential" Information and Materials**

1. Copies of "Confidential" Information and Materials shall not be made public by the party to whom they are disclosed unless they become a part of

STIPULATED PROTECTIVE ORDER - 6
Case No. CV-08-3028-FVS

FOSTER PEPPER PLLC
422 WEST RIVERSIDE AVE., SUITE 1310
SPOKANE, WASHINGTON 99201-0302
Phone (509) 777-1604   Fax (866) 749-9343

50972515.1

the public record in this action by agreement of the parties or by order or action of the Court. "Confidential" Information and Materials may be included in whole or in part in pleadings, motions, or briefs only if such Information and Materials shall be filed with the Court in sealed envelopes prominently marked with the caption of this proceeding and the appropriate notation:

**Contains CONFIDENTIAL Information –**

**To Be Opened Only As Directed By the United States District Court, Eastern District of Washington**

2.   Any Information and Materials marked with this or a similar legend may be filed with the Court in a single envelope. The parties stipulate that Information and Materials identified and labeled in accordance with this Paragraph shall be received in camera as directed by the Court.

3.   Within sixty (60) days after the final judgment and the exhaustion of any appeals in this action or the settlement of this action, all Information and Materials covered by this Order, except those in possession of the Court, shall be returned or destroyed, except that counsel may maintain one copy of all correspondence, pleadings, and other documents. Subject to this exception, counsel shall certify to counsel for the producing party the return or destruction of all additional copies of Information and Materials so designated in their possession, custody, or control. To the extent that any Information or Materials have been filed under seal with the Court, such Information and Materials shall be retrieved by the party seeking to maintain the confidentiality of such Information or Materials.

**H.    Miscellaneous**

STIPULATED PROTECTIVE ORDER - 7
Case No. CV-08-3028-FVS

FOSTER PEPPER PLLC
422 WEST RIVERSIDE AVE., SUITE 1310
SPOKANE, WASHINGTON 99201-0302
Phone (509) 777-1604  Fax (866) 749-9343

50972515.1

1. This Order shall not prevent a party from applying to the Court for relief from the Order or any part thereof, or for relief from its application in any particular circumstance, or from applying to the Court for further or additional protective agreements or orders, or from agreeing among themselves to modification of this Order.

2. This Order shall survive the final termination of this or related proceedings to the extent that the "Confidential" Information and Materials have not or do not become known to the public.

3. No copy of any transcript of any deposition taken by any party that is designated in part or in whole as "Confidential" shall be furnished by the reporter to any person other than to counsel for the parties. Neither the original nor any copy of any transcript of any deposition taken in this proceeding shall be filed with the Court or used during the trial in this action until the parties' counsel have designated those portions, if any, of the transcript that are to be regarded as "Confidential." Upon such a designation, the designated portions of the transcript to be filed with the Court or used during the trial shall be filed under seal in accordance with Paragraph G of this Order, unless otherwise agreed by the parties or ordered by the Court.

4. Each person having access to "Confidential" Information and Materials under this Order shall take all reasonable steps to comply with this Order.

5. Nothing in this Order shall bar or otherwise restrict any attorney herein from rendering advice to his or her client with respect to this proceeding and, in the course thereof, referring to or relying upon his or her examination of "Confidential" Information and Materials; provided, that in rendering such advice and in otherwise communicating with clients , except as otherwise provided in

STIPULATED PROTECTIVE ORDER - 8
Case No. CV-08-3028-FVS

FOSTER PEPPER PLLC
422 WEST RIVERSIDE AVE., SUITE 1310
SPOKANE, WASHINGTON 99201-0302
Phone (509) 777-1604  Fax (866) 749-9343

50972515.1

Paragraph F.2.d, the attorney shall not make specific disclosure to any person of any "Confidential" Information and Materials.

6. Any person bound by this Order may rely on a waiver or consent that is made by an attorney for a party as if that waiver or consent was made by that party or person, provided that such waiver or consent shall be either in writing or on record in a hearing, trial, or deposition transcript.

7. In the event any non-party is called upon to produce Information and/or Materials that it reasonably believes constitute or disclose trade secrets, commercial information or other information that it is entitled to maintain in confidence, such non-party may elect to become party to the terms of this Protective Order by serving a notice of its election on counsel for each party. After service of notice of election, this Protective Order shall be binding on and inure to the benefit of such non-party.

The parties, through their undersigned counsel, agree to the terms of this Stipulated Protective Order as of the last date shown below.

COMMUNITY ASSOCIATION FOR
RESTORATION OF THE ENVIRONMENT

By: _____     Date: 3/9/09
Charles M. Tebbutt, OSB #96579
Western Environmental Law Center
1216 Lincoln Street
Eugene, OR 97401-3467

By: _____     Date: 3/23/09
Richard C. Eymann, WSBA # 7470
Eymann Allison Hunter Jones, P.S.
208 West 2nd Avenue
Spokane, WA 99201

STIPULATED PROTECTIVE ORDER - 9
Case No. CV-08-3028-FVS

FOSTER PEPPER PLLC
422 WEST RIVERSIDE AVE., SUITE 1310
SPOKANE, WASHINGTON 99201-0302
Phone (509) 777-1604   Fax (866) 749-9343

50972515.1

1 DERUYTER BROTHERS DAIRY, INC.

3  By: /s/ _____    Date: 3/2/09
4  John Ray Nelson, WSBA #16393
   Lori A. Terry, WSBA #22006
5  Foster Pepper PLLC
6  422 W. Riverside Avenue, Suite 1310
   Spokane, WA 99201

**IT IS SO ORDERED.**
**Dated this 1st Day of April, 2009.**

*s/ Fred Van Sickle*
**United States District Judge**

STIPULATED PROTECTIVE ORDER - 10
Case No. CV-08-3028-FVS

50972515.1

# EXHIBIT A

Hon. Fred L. Van Sickle

**John R. Nelson, WSBA #16393**
**Lori A. Terry, WSBA #22006**
**Foster Pepper PLLC**
491 West Riverside Avenue, Suite 1310
Spokane, Washington 99201
Telephone: (509) 777-1604
Facsimile No.: (866) 749-9343
nelsj@foster.com
terrl@foster.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| COMMUNITY ASSOCIATION FOR RESTORATION OF THE ENVIRONMENT,<br><br>  Plaintiff,<br><br>  v.<br><br>DERUYTER BROTHERS DAIRY, INC.,<br><br>  Defendant. | No. CV-08-3028-FVS<br><br>**STIPULATED PROTECTIVE ORDER** |

UNDERTAKING OF _____

STATE OF _____

COUNTY OF _____

    I, _____, being duly sworn, state that:

    1.    My address is:_____

STIPULATED PROTECTIVE ORDER - 1
Case No. CV-08-3028-FVS

FOSTER PEPPER PLLC
422 WEST RIVERSIDE AVE., SUITE 1310
SPOKANE, WASHINGTON 99201-0302
Phone (509) 777-1604   Fax (866) 749-9343

50972515.1

2.   My employer is:_____

3.   My present occupation or job description is:_____

4.   I have/have never been employed and am/am not currently employed by any of the parties in this case, or by any parents, subsidiaries, divisions, branches, affiliates, or competitors of any of the parties.

5.   I have received a copy of the Stipulated Protective Order in this case.

6.   I have carefully read and understand the provisions of the Stipulated Protective Order.

7.   I will comply with all of the provisions of the Stipulated Protective Order and understand that a violation of the Stipulated Protective Order or this Undertaking could result in sanctions against me.

8.   I will hold in confidence and not disclose to anyone not qualified under the Stipulated Protective Order any "Confidential" Information or Materials disclosed to me.

9.   I will return all Information and Materials containing or disclosing "Confidential" Information and Materials which come into my possession, and Information and Materials that I have prepared relating thereto, to counsel for the party that provided me with the "Confidential" Information and Materials.

10.  I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Stipulated Protective Order in this case.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____     By: _____

STIPULATED PROTECTIVE ORDER - 2
Case No. CV-08-3028-FVS

FOSTER PEPPER PLLC
422 WEST RIVERSIDE AVE., SUITE 1310
SPOKANE, WASHINGTON 99201-0302
Phone (509) 777-1604   Fax (866) 749-9343

50972515.1

**EXHIBIT B**

Hon. Fred L. Van Sickle

**John R. Nelson, WSBA #16393**
**Lori A. Terry, WSBA #22006**
**Foster Pepper PLLC**
491 West Riverside Avenue, Suite 1310
Spokane, Washington 99201
Telephone: (509) 777-1604
Facsimile No.: (866) 749-9343
nelsj@foster.com
terrl@foster.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| COMMUNITY ASSOCIATION FOR RESTORATION OF THE ENVIRONMENT,<br><br>Plaintiff,<br><br>v.<br><br>DERUYTER BROTHERS DAIRY, INC.,<br><br>Defendant. | No. CV-08-3028-FVS<br><br>**STIPULATED PROTECTIVE ORDER** |

UNDERTAKING OF _____

STATE OF _____

COUNTY OF _____

    I, _____, being duly sworn, state that:

STIPULATED PROTECTIVE ORDER - 1
Case No. CV-08-3028-FVS

FOSTER PEPPER PLLC
422 WEST RIVERSIDE AVE., SUITE 1310
SPOKANE, WASHINGTON 99201-0302
Phone (509) 777-1604   Fax (866) 749-9343

50972515.1

1. My address is:_____

2. My employer is:_____

3. My present occupation or job description is:_____

4. I have received a copy of the Stipulated Protective Order in this case.

5. I have carefully read and understand the provisions of the Stipulated Protective Order.

6. I will comply with all of the provisions of the Stipulated Protective Order and understand that a violation of the Stipulated Protective Order or this Undertaking could result in sanctions against me.

7. I will hold in confidence and not disclose to anyone not qualified under the Stipulated Protective Order any "Confidential" Information or Materials disclosed to me.

8. I will return all Information and Materials containing or disclosing "Confidential" Information and Materials which come into my possession, and Information and Materials that I have prepared relating thereto, to counsel for the party that provided me with the "Confidential" Information and Materials.

9. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Stipulated Protective Order in this case.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____    By: _____

STIPULATED PROTECTIVE ORDER - 2
Case No. CV-08-3028-FVS

FOSTER PEPPER PLLC
422 WEST RIVERSIDE AVE., SUITE 1310
SPOKANE, WASHINGTON 99201-0302
Phone (509) 777-1604   Fax (866) 749-9343

50972515.1